[No. A035390. First Dist., Div. Five. Feb. 29, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNEST J. EBERT, Defendant and Appellant.

## COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Irene Kiebert, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and David D. Salmon, Deputy Attorney Generals, for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Ernest J. Ebert appeals his conviction of robbery (Pen. Code, § 211)[1] by jury trial in which he was permitted to represent himself. His primary contention on appeal is that the trial court erred by excluding him from participation in an in camera hearing which resulted in the loss of his advisory counsel. We reverse.

From the time of his first appearance in the magistrate's court, through the preliminary examination and arraignment on the information in the superior court, appellant was represented by the public defender. Approximately two months after his arraignment in superior court, appellant moved to discharge his public defender and replace her with substitute counsel. He also moved simultaneously to represent himself and for the appointment of advisory counsel. The trial court denied his motion to replace the public defender, at which point appellant asked to represent himself with advisory counsel. The trial court granted his motion for self-representation and appointed the deputy public defender who had been representing him as advisory counsel. Appellant was never advised that he had no right to advisory counsel if he elected to represent himself.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

Approximately three weeks later the public defender moved to withdraw as advisory counsel, alleging "personal and ethical conflicts" with appellant. Her moving papers do not seek nor suggest the appointment of substitute advisory counsel, nor do they mention that appellant had no initial right to advisory counsel. In addition, there is no proof of service or other indication that appellant was given notice of the motion. The public defender's motion to withdraw was heard by a different judge, who conducted the hearing in camera, but excluded appellant from attendance or participation.

During the in camera hearing the deputy public defender stated that at the previous court appearance appellant gave a reason for a continuance request which was inconsistent with her prior discussions with him, and she therefore thought there was a probability he would perjure himself at trial. Respondent concedes that a review of the record suggests that the deputy public defender's belief that appellant planned to present false testimony appears to have been based on a misunderstanding by her of appellant's comments to the court. We concur with respondent's interpretation of the record. Appellant's comments to the trial court are ambiguous at best, and do not suggest that he intended to perjure himself or present false evidence.[2]

When proceedings resumed in open court appellant was informed that, based on the testimony the court had heard in chambers, the public defender's motion to withdraw was granted. Appellant was not informed that he had no initial right to advisory counsel.

When appellant appeared for trial he was again before the first judge, who had appointed his advisory counsel. At that time he complained about the loss of advisory counsel and that he had been excluded from the hearing which resulted in that loss. He also requested a continuance, contending that as a result of losing his advisory counsel he was not prepared for trial. The trial court advised him it did not know anything about the hearing, denied his request for a continuance, as well as other motions, and ordered that the trial proceed. Again, on this third occasion, the trial court did not advise appellant that he had no initial right to advisory counsel if he chose to represent himself. Appellant then asked to be excused from the trial, contending generally that as a result of the court's rulings he could not receive a fair trial. His request to be excused was granted, and he spent the trial in a holding cell adjacent to the courtroom. Appellant was in custody throughout these proceedings apparently due to his inability to make bail.

---

[2] If the deputy public defender suspected this possibility she should have investigated the situation further or verified that fact to her personal satisfaction prior to suggesting it as a fact to the trial court. The record does not reveal that she did so. Rather, it indicates that she based her opinion and her motion solely on appellant's ambiguous comments in open court before the first judge.

When it was necessary for a witness to identify him, the witness was taken to the door of the holding cell to view appellant behind the bars.

■ As a general rule, a defendant in a criminal case has a federal constitutional right to represent himself. (*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].) To avail himself of this right the defendant "must 'knowingly and intelligently' " waive not only the right to counsel, but many of the traditional benefits associated with the right to counsel; "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' [Citation.]" *(Id.,* at p. 835 [45 L.Ed.2d at p. 581-582].)

■ While a pro se defendant has no right to advisory counsel, once that privilege is granted it may not be restricted or terminated without due process of law. (*People* v. *Bigelow* (1984) 37 Cal.3d 731 [209 Cal.Rptr. 328, 691 P.2d 994]; *Wilson* v. *Superior Court* (1978) 21 Cal.3d 816 [148 Cal.Rptr. 30, 582 P.2d 117].) In a criminal case due process has always required, at least, adequate notice and the opportunity to be heard. (*People* v. *Troche* (1928) 206 Cal. 35, 42 [273 P. 767].)

■ Insofar as the Sixth Amendment right to counsel is concerned, the United States Supreme Court has consistently held that counsel must be provided at "critical stages" of the proceedings. (*Gerstein* v. *Pugh* (1975) 420 U.S. 103, 122 [43 L.Ed.2d 54, 70, 95 S.Ct. 854]; *Coleman* v. *Alabama* (1970) 399 U.S. 1, 9 [26 L.Ed.2d 387, 396, 90 S.Ct. 1999]; *United States* v. *Wade* (1967) 388 U.S. 218, 224-227 [18 L.Ed.2d 1149, 1155-1157, 87 S.Ct. 1926]; *White* v. *Maryland* (1963) 373 U.S. 59, 60 [10 L.Ed.2d 193, 194, 83 S.Ct. 1050].) "The determination whether the hearing is a 'critical stage' requiring the provision of counsel depends . . . upon an analysis 'whether potential substantial prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that prejudice.' " (*Coleman* v. *Alabama, supra,* at p. 9 [26 L.Ed.2d at p. 396], citing *United States* v. *Wade, supra,* at p. 227 [18 L.Ed.2d at p. 1157].) In *Gerstein* v. *Pugh, supra,* at page 122 [43 L.Ed.2d at page 70], the high court "identified as 'critical stages' those pretrial procedures that would impair defense on the merits if the accused is required to proceed without counsel. [Citations.]"

Article I, section 15, of the California Constitution provides that "[t]he defendant in a criminal cause has the right . . . to be personally present with counsel, and to be confronted with the witnesses against the defendant. . . ." Section 977, subdivision (b), provides: "In all cases in which a felony is charged, the accused must be present at the arraignment, at the

time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. *The accused shall be personally present at all other proceedings unless he shall,* with leave of court, *execute in open court, a written waiver of his right to be personally present, approved by his counsel, which waiver must then be filed with the court*; provided, however, that the court may specifically direct that defendant be personally present at any particular proceeding or portion thereof. . . ." (Italics ours.) Section 977 goes on to define the form of the waiver, which clearly calls for the appearance by counsel during those proceedings covered by the waiver.

The California Supreme Court has interpreted these rights to mean "that the accused is not entitled to be personally present either in chambers or at bench discussions which occur outside the jury's presence on questions of law or other matters in which defendant's presence does not bear a ' "reasonably substantial relation to the fullness of his opportunity to defend against the charge." ' [Citations.] Stated in another way, '[W]hen the presence of the defendant will be useful, or of benefit to him and his counsel, the lack of his presence becomes a denial of due process of law.' [Citations.] The burden is upon defendant to demonstrate that his absence prejudiced his case or denied him a fair and impartial trial. [Citations.]" (*People* v. *Jackson* (1980) 28 Cal.3d 264, 309-310 [168 Cal.Rptr. 603, 618 P.2d 149]; *People* v. *Bloyd* (1987) 43 Cal.3d 333, 359-361 [233 Cal.Rptr. 368, 729 P.2d 802].)

However, *Jackson* and cognate cases dealing with the absence of the defendant assume that the defendant's attorney will be present to represent his interests. These cases also deal with circumstances where the attorneys are arguing questions of law or procedure based on facts or evidence already disclosed on the record or known. (See, e.g., *People* v. *Bloyd, supra,* 43 Cal.3d 333 [defendant absent, but defense counsel present in conferences concerning jury's request for rereading of testimony and admission of a Valium bottle about which there had been testimony]; *People* v. *Harris* (1981) 28 Cal.3d 935 [171 Cal.Rptr. 679, 623 P.2d 240] [defendant absent, but represented by counsel in hearing concerning admissibility of People's exhibits and whether jury should be polled to determine whether they had read a reference to his parole status in a transcript of defendant's interview with a police officer]; *In re Lessard* (1965) 62 Cal.2d 497 [42 Cal.Rptr. 583, 399 P.2d 39] [defendant and counsel absent from conference with a juror in response to a request to be excused; both counsel agreed court could confer privately with juror, who presented a doctor's statement that she was medically unable to serve]; *People* v. *Abbott* (1956) 47 Cal.2d 362 [303 P.2d 730] [defendant absent, but represented by counsel in proceeding to disqualify a

juror]; *People* v. *Isby* (1947) 30 Cal.2d 879 [186 P.2d 405] [defendants absent, but represented by counsel from hearing on prosecution's motion to withdraw photograph from evidence; defendants had previously objected to admission]; *People* v. *Garcia* (1935) 2 Cal.2d 673 [42 P.2d 1013] [defendant absent, but represented by counsel in motion to sever].) We are aware of no case in which it has been held harmless for the court to exclude both the defendant and his counsel from a hearing in which evidence is taken, upon which a fundamental or important substantive or procedural right is to be determined.[3]

 In the instant case not only was appellant excluded from the hearing which resulted in the loss of his appointed advisory counsel, but since he was acting as his own counsel, he was also not represented. Whatever the role of advisory counsel may be, it is clear that the deputy public defender's motion to withdraw as advisory counsel cannot be characterized as a proceeding to aid or assist appellant—she was obviously not acting in his behalf. She was, in fact, offering evidence to the court in an effort to persuade it to rule upon her representations in a manner adverse to appellant. Obviously, appellant's own testimony or representations were highly relevant, if not necessary, to the trial court's ruling on advisory counsel. Under these circumstances we can only conclude that error occurred.

 We also conclude that appellant never received a proper *Faretta* warning; the record does not reflect that he knowingly and intelligently waived his right to counsel. Appellant simultaneously requested self representation and the appointment of advisory counsel. At that time appellant's request for advisory counsel was granted without any admonition or advice that he was not entitled to such appointment. When the second judge permitted the public defender to withdraw, appellant was never advised that he had no initial right to advisory counsel, or that new advisory counsel would not be appointed. When appellant appeared for trial, back before the first judge who had appointed advisory counsel, he complained about the

---

[3] The record in the instant case does not reveal why appellant was excluded from the hearing in chambers. We agree that the defendant's personal presence may not be required at every bench conference, or during conferences or arguments over instructions, and the like. However, the risk of reversible error is needlessly incurred by the intentional exclusion of defendants from evidentiary type hearings, even on collateral matters not directly bearing on issues of guilt. When the court is receiving evidence or information upon which fundamental or important procedural rights will be determined, the better practice is to have the defendant present. The benefits, if any, of excluding the defendant are dubious. No saving of time results, but appellate issues always arise, and the end result is to complicate and prolong what might otherwise be a fairly straightforward matter. The safer approach, and that which is more consistent with constitutional and statutory requirements, is to have the defendant present.

loss of his advisory counsel and its effect on his inability to prepare for trial, but again he was not told he had no right to advisory counsel. Had he ever been so advised, it is conceivable that he would not have elected to engage in self-representation.

■ Respondent candidly concedes that the trial court erred in excluding appellant from the hearing on advisory counsel's motion to withdraw, and may have erred in permitting counsel to withdraw. However, in reliance on *Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460; 106 S.Ct. 3101] and *Rushen* v. *Spain* (1983) 464 U.S. 114 [78 L.Ed.2d 267, 104 S.Ct. 453], respondent contends that the error is subject to harmless error analysis, and argues that no prejudice resulted in this particular instance because appellant received certain favorable rulings affecting his sentence.

*Rose* v. *Clark* concluded that "while there are some errors to which [the harmless error rule of] *Chapman* [v. *California* (1967) 386 U.S. 18, (17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065)] does not apply, they are the exception and not the rule. [I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless error analysis." (*Id.,* 478 U.S. at pp. 578-579 [92 L.Ed.2d at p. 471; 106 S.Ct. at pp. 3106-3107].) Assuming, without deciding, that the error is not reversible per se, we cannot characterize it as harmless even under the more lenient standard of *People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243], and certainly not under the reasonable doubt standard of *Chapman* v. *California. Rushen* v. *Spain, supra,* does not require a different result. *Spain* was a review of a habeas corpus petition wherein the petitioner claimed prejudicial error resulting from an ex parte communication between his trial judge and a juror which was discovered postconviction. The high court noted that the prejudicial effect of such a communication "can normally be determined by a post-trial hearing." (*Id.,* 464 U.S. at p. 119 [78 L.Ed.2d at p. 274].) It then concluded that the posttrial hearing which occurred established beyond a reasonable doubt that the communication at issue did not affect the jury's deliberations.

Unlike the ex parte communication in *Rushen* v. *Spain,* the effect of the loss of trial counsel, even advisory counsel, does not readily lend itself to posttrial analysis for prejudice. The instant case involves the impact of the loss of counsel's assistance not merely for a segment of the proceedings, but during the entire trial, posttrial matters and also in preparation therefor. We need not recite the obvious benefits which an experienced attorney can provide the accused, and no meaningful hearing short of a new trial can

realistically assess the effect of the loss of counsel under these circumstances.

The judgment is reversed.

Low, P. J., and King, J., concurred.