Filed 4/23/15  P. v. Delgado CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TOMAS OCHOA DELGADO,<br><br>    Defendant and Appellant. | H040648<br>(Santa Clara County<br>Super. Ct. No. CC109377) |

In 2004, defendant Tomas Ochoa Delgado was convicted of two felonies: resisting arrest (Pen. Code, § 69)[1] and assault on a peace officer by force likely to produce great bodily injury (§ 245, subd. (c)).  Delgado was sentenced under the Three Strikes law to an indeterminate term of 25 years to life on each felony; the sentence on the assault was stayed pursuant to section 654.  Delgado filed a petition for resentencing under the Three Strikes Reform Act of 2012, passed by the voters as Proposition 36, and requested that counsel be appointed to represent him.  The trial court denied the petition without a hearing and without appointing counsel, concluding Delgado was ineligible for resentencing because one of his third-strike commitment offenses--assault on a peace officer by force likely to produce great bodily injury (§ 245, subd. (c))--is a serious felony under section 1192.7, subdivision (c)(31).

Delgado appeals on two grounds.  First, he contends he was deprived of his constitutional right to counsel.  Second, while conceding he is not entitled to resentencing

_____

[1] All further statutory references are to the Penal Code, unless otherwise specified.

on his serious felony offense (§ 245, subd. (c)), he argues the court erred in concluding he is ineligible for resentencing on his nonserious felony current offense (§ 69). We shall affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.   *The Underlying Offenses*

San Jose Police Officer James Hussey pulled Delgado over in May 2001 on suspicion of driving while intoxicated. At the time, Delgado was on parole and there was an outstanding warrant for his arrest. Delgado exited the vehicle and ran into an alley. Officer Hussey pursued Delgado on foot. Eventually, the two collided and fell down when Delgado circled around a tree. A struggle ensued during which Delgado grabbed Officer Hussey's neck and began choking him and bit Officer Hussey's hand. Officer Hussey hit Delgado in the head with a flashlight several times to subdue him. With the assistance of another officer, Delgado was handcuffed. The second officer searched Delgado and found methamphetamine. When officers attempted to put Delgado in a police vehicle, he again fled on foot before eventually submitting to custody.

### B.   *Indictment*, *Trial*, *Conviction*, *and Sentencing*

The Santa Clara County District Attorney filed an information charging Delgado with resisting arrest (§ 69; count 1); assault on a peace officer by means likely to produce great bodily injury (§ 245, subd. (c); count 2); battery on a peace officer (§ 243, subd. (c)(2); count 3); and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 4). The information alleged Delgado had four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12).

---

[2] We take the facts of Delgado's underlying conviction from our opinion in his prior appeal, *People v. Delgado* (Jun. 23, 2006, H027914 [nonpub. opn.]), and from the record in that appeal, of which we take judicial notice. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

On February 4, 2004, following a trial, a jury convicted Delgado of counts 1, 2, and 4, acquitted him of count 3, and convicted him of the lesser included offense of misdemeanor battery. The trial court found the prior strike conviction allegations true.

The trial court sentenced Delgado on August 20, 2004. It imposed a term of 25 years to life on count 1 for resisting arrest and a term of 25 years to life on count 2 for assault on a peace officer by means likely to produce great bodily injury. The court stayed the sentence on count 2 under section 654. The court also imposed a concurrent term of six months on count 3 and a concurrent term of six months on count 4, after reducing that offense to a misdemeanor.

This court upheld Delgado's conviction and sentence on appeal. (*People v. Delgado* (Jun. 23, 2006, H027914) [nonpub. opn.].)

### C. *Petition for Recall of Sentence*

On December 11, 2013, Delgado, acting in propria persona, filed a petition for recall of sentence under section 1170.126. In his petition, Delgado requested that "able counsel be appointed to represent him during the pre-sentencing and actual sentencing phase." The trial court denied the petition on December 18, 2013, finding Delgado ineligible for resentencing because "[h]is third qualifying conviction included a violation of Penal Code § 245[, subdivision] (a) (assault on a peace officer by means of force likely to produce great bodily injury)," which "is a serious felony as defined in Penal Code §1192.7[, subdivision] (c)(31)." This appeal followed.

## II. DISCUSSION

### A. *The Three Strikes Reform Act*

In the November 6, 2012 election, California voters approved Proposition 36, the so-called Three Strikes Reform Act of 2012. Prior to the passage of Proposition 36, the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) required that a defendant convicted of two prior serious or violent felonies be subject to a sentence of 25 years to life upon conviction of a third felony. As amended by the Three Strikes Reform Act, section

3

1170.12, subdivision (c)(2)(C), and section 667, subdivision (e)(2)(C), now mandate that a defendant with two or more strikes who is convicted of a felony that is neither serious nor violent be sentenced as a second strike offender (unless certain exceptions apply).

The Reform Act also added section 1170.126, which allows eligible inmates who are currently subject to 25-years-to-life sentences under the Three Strikes law to petition the court for resentencing. "Section 1170.126, subdivisions (a) and (b), broadly describe who is eligible to file a petition and to be resentenced. Subdivision (a) of section 1170.126 states: 'The resentencing provisions under this section and related statutes *are intended to apply exclusively* to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, *whose sentence under this act would not have been an indeterminate life sentence.*' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598 (*Teal*).) "Subdivision (b) of section 1170.126 states: 'Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence. . . .*' " (*Id.* at p. 599.)

Subdivision (e) of section 1170.126 addresses eligibility more specifically. It provides that an inmate is "eligible for resentencing" if (1) he or she is "serving an indeterminate term of life imprisonment" imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies"[3] and (2) his or her current and prior convictions are not for certain designated offenses. (§ 1170.126, subd. (e)(1); *Teal*, *supra*, 60 Cal.4th at p. 600.) An eligible prisoner "shall be

---

[3] This requirement is "the same . . . as [that] stated in [section] 1170.126, subd[ivision] (b)." (*Teal*, *supra*, 60 Cal.4th at p. 600.)

4

resentenced" as a second strike offender unless the court determines that resentencing him or her "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

**B. *Appealability***

The People contend the trial court's denial of Delgado's petition on the ground he fails to meet the threshold eligibility requirements is not an appealable order. Since the People filed their respondent's brief, our Supreme Court ruled otherwise, holding that an order denying a section 1170.126 petition for recall of sentence is an appealable order under section 1237, subdivision (b). (*Teal*, *supra*, 60 Cal.4th at p. 601.) Accordingly, Delgado's appeal is properly before this court.

**C. *Right to Counsel***

Delgado maintains the trial court violated his constitutional rights by summarily denying the petition without appointment of counsel to represent him on the issue of section 1170.126 eligibility. He contends a defendant who makes a prima facie showing of entitlement to resentencing under the Three Strikes Reform Act in a petition for recall of sentence is entitled to counsel. For that contention, he relies on two lines of cases: (1) those holding defendants have a Sixth Amendment right to counsel at sentencing and (2) those holding defendants have a due process right to counsel in postconviction proceedings challenging the judgment where a prima facie case for relief has been made. According to Delgado, he established prima facie eligibility for resentencing by pleading in his petition that at least one of his current offenses was a nonserious felony. As discussed in part D below, Delgado failed to make such a showing.

> **1. *No Sixth Amendment Right to Counsel Exists at the Section 1170.126 Eligibility Stage***

The right to counsel under the Sixth Amendment applies to all critical stages of a criminal prosecution. (*Iowa v. Tovar* (2004) 541 U.S. 77, 80-81; *People v. Ebert* (1988) 199 Cal.App.3d 40, 44.) " 'The determination whether the hearing is a "critical stage"

requiring the provision of counsel depends . . . upon an analysis "whether potential substantial prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that prejudice." ' " (*People v. Ebert*, *supra*, at p. 44.) "[T]he essence of a 'critical stage' is . . . the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." (*U.S. v. Leonti* (9th Cir. 2003) 326 F.3d 1111, 1117.)

"A sentencing hearing is [considered a 'critical'] stage, and a defendant has a constitutional right to counsel at sentencing." (*People v. Bauer* (2012) 212 Cal.App.4th 150, 155.) "The Sixth Amendment does not include any right to appeal." (*Martinez v. Court of Appeal of Cal.*, *Fourth Appellate Dist.* (2000) 528 U.S. 152, 160.) Thus, " '[t]he right to counsel on appeal stems from the due process and equal protection clauses of the Fourteenth Amendment, not from the Sixth Amendment.' " (*Id.* at p. 155; *In re Barnett* (2003) 31 Cal.4th 466, 472.)

In our view, a section 1170.126, subdivision (e) eligibility determination is not part of a criminal prosecution. A section 1170.126 petition is a postjudgment vehicle by which certain legally sentenced inmates may benefit from the later enacted Three Strikes Reform Act. Thus, by definition, a petition for recall of sentence under the Three Strikes Reform Act arises after the end of the criminal prosecution, including imposition of sentence, and is outside the scope of the Sixth Amendment. (See *U.S. v. Whitebird* (5th Cir. 1995) 55 F.3d 1007, 1011 [no Sixth Amendment right to counsel in connection with motion for modification of sentence under 18 U.S.C. § 3582(c)(2) because "the constitutional right to counsel extends only through the defendant's first appeal"]; *United States v. Nevarez-Diaz* (N.D.Ind. 1986) 648 F.Supp. 1226, 1230 [motion for sentence reduction under Federal Rule of Criminal Procedure 35 "is a post-trial proceeding and, logically, because it is not part of the criminal prosecution, it is outside the scope of the sixth amendment"]; *U.S. v. Palomo* (5th Cir. 1996) 80 F.3d 138, 142 [same].)

6

Accordingly, any right to counsel at the section 1170.126, subdivision (e) eligibility determination stage must be grounded either in equal protection or due process.

Because we are concerned only with the initial section 1170.126, subdivision (e) eligibility determination, and not any subsequent resentencing, Delgado's reliance on sentencing cases is unpersuasive. For the same reason, we express no opinion as to whether the Sixth Amendment right to counsel applies to resentencing of inmates determined to be eligible under the Three Strikes Reform Act.

### 2. *Due Process*

Due process requires the appointment of counsel in certain proceedings where the Sixth Amendment does not. For example, due process "prohibit[s] discrimination against convicted indigent inmates; consequently, an indigent inmate has a constitutional right to counsel appointed at the state's expense where . . . the state confers a criminal appeal as of right." (*In re Barnett*, *supra*, 31 Cal.4th at p. 472, citing *Douglas v. California* (1963) 372 U.S. 353, 356-357.) An imprisoned defendant also "is entitled by due process to reasonable access to the courts, and to the assistance of counsel if counsel is necessary to ensure that access." (*In re Clark* (1993) 5 Cal.4th 750, 779; *Ross v. Moffitt* (1974) 417 U.S. 600, 611 [due process is violated where "indigents are singled out by the State and denied meaningful access to the appellate system because of their poverty"].) Accordingly, our Supreme Court has held that "if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns." (*In re Clark*, *supra*, at p. 780 [petition for writ of habeas corpus]; *People v. Shipman* (1965) 62 Cal.2d 226, 232-233 [petition for writ of error coram nobis].)

The state, having chosen to establish "a substantial right to be resentenced" if eligible (*Teal*, *supra*, 60 Cal.4th at p. 600), must determine eligibility and accomplish resentencing in a manner that "comport[s] with the demands of 'the Due Process and Equal Protection Clauses [to] protect persons . . . from invidious discriminations.' "

7

(*People v. Scott* (1998) 64 Cal.App.4th 550, 558.)  Thus, the question is whether "fundamental fairness--the touchstone of due process--. . . require[s] that the State provide at its expense counsel for indigent" inmates at the eligibility determination stage. (*Gagnon v. Scarpelli* (1973) 411 U.S. 778, 790, superseded by statute on another ground, Parole Commission and Reorganization Act, Pub.L. No. 94–233, 90 Stat. 228 (1976).)

In the majority of cases the answer is no.  Frequently, the eligibility inquiry is uncomplicated, making the presence and participation of counsel constitutionally unnecessary.  We acknowledge that "there may be some eligibility determinations for resentencing that are neither routine nor straightforward." (*Teal*, *supra*, 60 Cal.4th at p. 601, fn. 3.)  For example, in some instances, whether a conviction is for a serious felony will depend on the facts of the crime, rather than the statutory elements of the offense. (*Ibid*., citing § 1192.7, subd. (c)(8) [personal infliction of great bodily injury or personal use of firearm]; *id*., (c)(23) [personal use of dangerous or deadly weapon].)  In those cases, the trial court "must make ' "serious felony" ' findings beyond the established elements of the current offense and any attendant enhancements found true by the trier of fact" in making the section 1170.126, subdivision (e) eligibility determination.  (*Teal*, *supra*, at p. 601, fn. 3.)  In other cases, trial courts will be required to determine whether the defendant " 'intended to cause great bodily injury' during the commission of his or her original offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), even if the accusatory pleading did not allege that the defendant intended to cause great bodily injury during the commission of that offense." (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 748; § 1170.126, subd. (e)(3) [inmate is eligible for resentencing only if he or she "has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12"].)  Such more nuanced cases may require the appointment of counsel to satisfy due process.

However, Delgado has not demonstrated that the fundamental fairness demanded by due process required the appointment of counsel to represent him in connection with the eligibility determination on his petition for recall. For the reasons discussed below, the question of eligibility is not a complex one here. Rather, Delgado's serious felony conviction clearly renders him ineligible for resentencing. Accordingly, the trial court did not violate Delgado's constitutional rights by refusing to appoint counsel.

### D. *Eligibility for Resentencing Under the Three Strikes Reform Act*

Delgado concedes he is ineligible for resentencing on his conviction for assault on a peace officer by force likely to produce great bodily injury, which is a serious felony under section 1192.7, subdivision (c)(31). (§ 1170.126, subd. (e)(1) [an inmate is eligible for resentencing if he or she "is serving an indeterminate term of life imprisonment imposed [under the Three Strikes Law] for a conviction of a felony or felonies that are *not defined as serious* and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7"] italics added.) He contends, however, that he is eligible for resentencing on his conviction for resisting arrest because that offense is not defined as a serious or violent felony. We disagree based on the plain language of section 1170.126.[4]

Section 1170.126, subdivision (a) sets forth the purpose of the statute: "The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to [the Three Strikes law], whose *sentence* under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a), italics added.) An inmate's sentence is comprised of the terms of imprisonment imposed on each count. Under the

---

[4] This issue currently is under review in the California Supreme Court. (See, e.g., *In re Machado* (2014) 226 Cal.App.4th 1044, review granted July 30, 2014, S219819; *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503.)

9

Three Strikes Reform Act, Delgado would have been sentenced to a determinate term for resisting arrest and an indeterminate term of 25 years to life for assault on a peace officer by force likely to produce great bodily injury.  His sentence would have been an indeterminate life sentence of 25 years to life.  Because Delgado is not someone "whose sentence under this act would not have been an indeterminate life sentence" had he been sentenced under the Three Strikes Reform Act, that statute's resentencing provisions do not apply to him.

Delgado argues that section 1170.126, subdivision (a)'s use of the singular phrase "an indeterminate term of imprisonment" evinces an intent that resentencing be performed on a count-by-count basis.  We disagree.  Had that been the intent, then drafters would not have used the word "sentence"--which generally refers to all terms of imprisonment--in the second clause of subdivision (a).

Our reading of the statutory language finds support in the Legislative Analyst's view of the Three Strikes Reform Act in the ballot pamphlet.  (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 579 ["we consider the Legislative Analyst's views because we assume the voters considered them along with the other materials in the ballot pamphlet"].)  The analysis stated:  "This measure reduces prison sentences served under the three strikes law by certain third strikers whose current *offenses* are nonserious, non-violent felonies.  The measure also allows resentencing of certain third strikers who are currently serving life sentences for specified nonserious, non-violent felonies."  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012), Legis. Analyst's Analysis of Prop. 36, p. 49, italics added.)

Delgado urges us to adopt his reading of the statute to avoid constitutional problems--namely, a potential equal protection challenge to the Three Strikes Reform Act on the ground that it treats those sentenced under it more favorably than those seeking to be resentenced.  The canon of constitutional avoidance " 'is a tool for choosing between competing plausible interpretations' of a provision."  (*Warger v. Shauers* (2014) __ U.S.

10

__ [2014 U.S. Lexis 8294] [135 S.Ct. 521, 529].) "It 'has no application in the absence of . . . ambiguity,' " and we see none here. (*Ibid*.)

The rule of lenity does not help Delgado for the same reason. The rule of lenity applies " 'only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' " (*People v. Avery* (2002) 27 Cal.4th 49, 58.) The meaning of the statute is reasonably clear such that the rule of lenity does not apply.

Finally, Delgado contends only his interpretation is consistent with the goals of the Three Strikes Reform Act. In his view, one goal was to deprive only truly dangerous criminals like rapists, murderers, and child molesters of its benefits. We disagree. As Delgado notes, one of the stated purposes of Proposition 36 was to allow for the early release of "low-risk, non-violent inmates serving life sentences for" "petty" or "minor" crimes. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012), text of Prop. 36, p. 105.) Having been convicted of a serious felony, Delgado is not the sort of low-risk, nonviolent inmate serving time for a petty crime that the Three Strikes Reform Act was designed to benefit.

## III.   DISPOSITION

The judgment is affirmed.

_____
Premo, J.

WE CONCUR:



_____
Rushing, P.J.



_____
Elia, J.