Filed 5/13/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039974 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 179647) |
| v. | |
| MAX HENRY DENIZE, | |
| Defendant and Appellant. | |

Defendant Max Henry Denize is currently serving two consecutive "Three Strikes" life sentences for 1996 convictions for grand theft (Pen. Code, §§ 484, 487, subd. (a))[1] and assault with a deadly weapon (§ 245, subd. (a)(1)) with a true finding on an allegation of personal use of a deadly weapon (§ 1192.7, subd. (c)(23)).  In 2013, an attorney employed by the Santa Clara County Public Defender's Office filed a petition under section 1170.126 on defendant's behalf seeking appointment of counsel and a finding that defendant was eligible for "possible resentencing."  The attorney declared that she was "informed and believe[d] that Mr. Denize's third qualifying conviction was for a non violent non serious offense" and that there were no disqualifying enhancements or factors.  The superior court denied the petition without appointing counsel.  Its order stated:  "According to the Information, forms of verdict and abstract of judgment,

---

[1]     Statutory references are to the Penal Code.

Defendant's third conviction was assault with a deadly weapon with the further allegation that defendant personally used a dangerous and deadly weapon in the commission of that offense (PC §245(a)(1)/667-1192.7). Defendant is ineligible for resentencing because his current conviction is a serious felony as defined in Penal Code §1192.7[(c)](23)."

Defendant contends that the superior court erred in denying his petition without appointing counsel. He also claims that the denial of his petition was erroneous because his Three Strikes sentence for grand theft was eligible for resentencing under section 1170.126. We conclude that he was not entitled to appointment of counsel because his petition failed to state a prima facie case. We also conclude that an inmate serving two Three Strikes life sentences, one for a serious offense and one for a nonserious offense, is not eligible for resentencing under section 1170.126.

## I. Background[2]

In December 1994, defendant went to a Sunnyvale Home Depot, placed several "very expensive" items in his cart, removed the "sensormatic" theft-detection tags from the items, and pushed his cart past a closed register without making any attempt to stop and pay for the items in the cart. His conduct was observed by Home Depot employees. As he headed for an exit, a Home Depot cashier approached him and asked to see his receipt. Defendant became "mad and upset" and "started talking real loud." A Home Depot assistant manager intervened and told defendant that he could not leave with the merchandise without a receipt. Defendant "took off," abandoned the cart along with the merchandise near the exit, and ran into the parking lot.

---

[2] At defendant's request, we have taken judicial notice of the appellate record in his appeal from the judgment.

2

The assistant manager pursued defendant and told defendant that he was "under arrest for shoplifting." Defendant opened his car door and got into the driver's seat. Defendant tried to punch the assistant manager in the face, but the assistant manager deflected the blows. With the assistant manager standing between the open car door and the car and reaching into the car to try to pull defendant out of the car, defendant looked the assistant manager "straight in the eyes," "put the car in reverse and peeled out backwards." The car moved backward with "[g]reat acceleration," and the car door "slammed" into the assistant manager's back. The car door was bent backward by the force of its contact. Defendant "[s]lammed his car into forward gear and took off." He was stopped by police and arrested. Two boxed, unopened items of Home Depot merchandise were found in defendant's car. The sensormatic tags had been torn off of both boxes.

Defendant was convicted by jury trial of grand theft, assault with a deadly weapon, possession of stolen property (§ 496), second degree burglary (§§ 459, 460, subd. (b)), and petty theft with a prior (§ 666). An allegation that the assault had involved personal use of a deadly weapon was found true by the jury, and the court found true allegations that he had suffered three prior serious felony and strike convictions within the meaning of sections 667, subdivisions (a) and (b) to (i) and 1170.12, and had served a prison term for a prior felony conviction (§ 667.5, subd. (b)). Defendant was committed to state prison for a term of 66 years to life, which included consecutive 25 years to life terms for the assault and grand theft convictions. On appeal, this court affirmed the judgment after modifying it to strike the petty theft conviction and one of the section 667, subdivision (a) enhancements, thereby reducing his prison sentence to 61 years to life. In 2013, his petition seeking recall of his sentence under section 1170.126 was denied.

## II. Discussion

### A. Failure to Appoint Counsel

Defendant contends that the trial court violated his federal constitutional right to the assistance of counsel when it denied his petition without appointing counsel.

"The Sixth Amendment right to the assistance of counsel applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake. [Citation.]" (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) Thus, a defendant is entitled to the assistance of counsel at a sentencing hearing. (See *Gardner v. Florida* (1977) 430 U.S. 349, 358.) But the initial screening of a section 1170.126 petition to determine eligibility for resentencing is not a sentencing hearing.

Relying on *People v. Shipman* (1965) 62 Cal.2d 226 (*Shipman*) and *In re Clark* (1993) 5 Cal.4th 750 (*Clark*), defendant argues that there is a right to counsel in postconviction proceedings where a prima facie case for relief is made. *Shipman* held that a petitioner who has made a prima facie case for *coram nobis* relief is entitled to the appointment of counsel. (*Shipman*, at pp. 232-233.) *Clark* held that a petitioner who has made a prima facie case leading to issuance of an order to show cause as to the validity of a judgment is also entitled to the appointment of counsel. (*Clark*, at p. 780.)

Defendant's claim fails because his petition did not make a prima facie case that he was eligible for resentencing under section 1170.126. A section 1170.126 petition is required to "specify all of the currently charged felonies, which resulted in the [Three Strikes sentence], and shall also specify all of the prior [strike] convictions . . . ." (§ 1170.126, subd. (d).) Defendant's petition did not meet these very minimal statutory requirements. It did not "specify" *any* of the "currently charged felonies" or any of his prior strike convictions. Instead, it was accompanied by a declaration of an attorney that she was "informed and believe[d] that Mr. Denize's third qualifying conviction was for a non violent non serious offense" and that there were no disqualifying enhancements or factors. By failing to make even the most minimal effort to comply with the statutory

4

requirements, defendant's petition failed to state a prima facie case that would have merited the appointment of counsel.

Defendant maintains that section 1170.126 provides every petitioner with "a presumptive entitlement to be resentenced once he establishes that he qualifies under the Act." The problem here is that defendant's petition did not make even a minimal showing that he was eligible for resentencing under section 1170.126. The mere filing of a petition that lacks any substantive content, like the one filed by defendant, cannot create any "presumptive entitlement" to resentencing if eligible because it lacks the information that the statute requires the petition to provide in order to trigger an evaluation of eligibility. Accordingly, defendant's petition did not entitle him to the appointment of counsel.

## B. Denial of Petition

Defendant asserts that the superior court's denial of his petition was erroneous because, although he was ineligible for resentencing as to the Three Strikes sentence he was serving for his assault conviction (a serious felony conviction due to the personal use finding), he believes that he was eligible for resentencing as to the Three Strikes sentence he was serving for his nonserious grand theft conviction.[3]

This issue is one of statutory construction. The Three Strikes Reform Act of 2012 (the Reform Act) enacted section 1170.126 and amended sections 667 and 1170.12. The primary purpose of the Reform Act was to "Restore the Three Strikes law to the public's

---

[3] This issue is currently pending before the California Supreme Court in *People v. Machado* (2014) 226 Cal.App.4th 1044, review granted July 30, 2014, S219819 and *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503. Although the superior court's order did not mention or address this issue, its denial of defendant's petition necessarily resolved this issue against him. Thus, this issue is properly before us.

5

original understanding by requiring life sentences only when a defendant's current conviction is for a violent or serious crime." (Voter Information Guide, Gen. Elect. (Nov. 6, 2012) p. 105.) The prospective portion of the Reform Act amended sections 667 and 1170.12 to bar a Three Strikes life sentence for a current offense that was "not a serious or violent felony" unless the prosecution pleaded and proved an enumerated disqualifying circumstance. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) The retrospective portion of the Reform Act enacted section 1170.126 to create a procedure that could be utilized by a person serving a Three Strikes life sentence "upon conviction . . . of a felony or felonies that are not defined as serious and/or violent" to "file a petition for a recall of sentence . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (§ 1170.126, subd. (b).)

Section 1170.126 provides: "The resentencing provisions under [section 1170.126] and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) "Any person serving an indeterminate [Three Strikes] term of life imprisonment . . . upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (§ 1170.126, subd. (b).) "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate [Three Strikes] term of life imprisonment . . . for a conviction of a felony or felonies that are not defined as serious

6

and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e).)

Our task is to determine whether the voters intended for section 1170.126 to preclude a defendant from obtaining retrospective relief where he or she is serving multiple indeterminate Three Strikes life terms, one of which is for a serious or violent offense and one of which is for a nonserious, nonviolent offense that would not have been punished by a life sentence under the prospective portion of the Reform Act.

"[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.] We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' [Citations.] Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. [Citation.] '[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.'" (*People v. Park* (2013) 56 Cal.4th 782, 796.) "When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.] If a penal statute is still reasonably susceptible to multiple constructions, then we ordinarily adopt the '"construction which is more favorable to the offender . . . ."'" (*People v. Rizo* (2000) 22 Cal.4th 681, 685-686.)

We need not look beyond the statutory language here.[4] While the Reform Act does not explicitly address this issue, the statutory language necessarily precludes defendant from succeeding on his claim. Although the intent of the Reform Act was to require "life sentences only when a defendant's current conviction is for a violent or serious crime" (Voter Information Guide, Gen. Elect. (Nov. 6, 2012) p. 105), this is the general purpose of the Reform Act as a whole, not specifically the purpose of the retrospective portion of the Reform Act. In any case, this general purpose does not dictate whether defendant's claim succeeds or fails. He does have a current conviction for a serious crime and received "life sentences," which is facially consistent with this general statement of purpose. To resolve defendant's claim, we must turn first to section 1170.126, subdivision (a), which identifies the purpose of the retrospective portion of the Reform Act.

Section 1170.126, subdivision (a) identifies the targets of the retrospective provisions as "persons presently serving *an indeterminate term* of imprisonment [under the Three Strikes law], *whose sentence under this act* [(the Reform Act)] would *not* have been *an indeterminate life sentence*." (§ 1170.126, subd. (a), italics added.) This clause does *not* support a claim that the voters intended for a person in defendant's position to fall within the purview of the retrospective portion of the Reform Act. A person like defendant who is serving *two* Three Strikes life terms, one of which is for a serious offense and another of which is for a nonserious offense, is "presently serving an indeterminate term" under the Three Strikes law. But it is not true that he would not have

---

[4]    The ballot pamphlet adds nothing to the statutory language. Its only relevant language is the statement, "The measure limits eligibility for resentencing to third strikers whose current offense is nonserious, non-violent . . . ." (Voter Information Guide, Gen. Elect. (Nov. 6, 2012) p. 50.) This statement does not address the situation where a defendant has multiple current offenses.

been sentenced to an indeterminate life term under the prospective portion of the Reform Act. A person who is sentenced under the prospective portion of the Reform Act for both a nonserious conviction and a serious conviction *will be* sentenced to an indeterminate life term. Hence, under section 1170.126, subdivision (a), defendant is *not* among those persons targeted by the retrospective portion of the Reform Act. While it is true that he received *two* life terms, while a person sentenced under the prospective portion of the Reform Act for his convictions would receive only *one* life term, section 1170.126, subdivision (a) does not identify those serving *two* life terms as among those eligible to benefit from its provisions if at least one of those life terms would have been imposed under the prospective portion of the Reform Act.

Subdivisions (b) and (e) of section 1170.126 contain statutory language that conclusively rebuts defendant's contention. The voters identified those who may file petitions as "[a]ny person serving an indeterminate [Three Strikes] term of life imprisonment . . . upon conviction, whether by trial or plea, of *a felony **or felonies*** that are not defined as serious and/or violent felonies . . . ." (§ 1170.126, subd. (b), italics and boldface added.) The voters also provided that one of the eligibility criteria is that "[t]he inmate is serving an indeterminate [Three Strikes] term of life imprisonment . . . for *a conviction of a felony **or felonies*** that are not defined as serious and/or violent felonies . . . ." (§ 1170.126, subd. (e)(1), italics added.) If the voters had intended to use the word "term" to mean only a single life sentence for a single offense, they would not have referred to a "term . . . for a conviction of a felony *or felonies* . . . ." (Italics added.) Three Strikes life terms are imposed on a count-by-count basis, so there cannot be a single Three Strikes life term imposed for multiple "felonies." The voters' use of the words "felony or felonies" illuminates their intent with regard to multiple sentences. When the voters referred to a "[Three Strikes] term . . . for . . . felonies," they necessarily meant to include an aggregate of multiple Three Strikes life sentences. We cannot ignore the voters' inclusion of the "or felonies" language, and this language has no apparent

9

meaning other than to reference an aggregate of multiple Three Strikes life sentences for multiple felonies. "[A] statute should not be given a construction that results in rendering one of its provisions nugatory." (*People v. Craft* (1986) 41 Cal.3d 554, 560.)

When we read section 1170.126 with the understanding that the voters intended its references to "an indeterminate [Three Strikes] term" and "an indeterminate life sentence" to include a term that is an aggregate of multiple Three Strikes life sentences, we can readily discern that the voters did not intend for retrospective relief to be available to those inmates serving two Three Strikes sentences, one of which was imposed for a serious conviction and the other for a nonserious conviction. A person serving an aggregate sentence of an indeterminate Three Strikes life term for one or more felonies is eligible only if he or she would not have received an indeterminate life term under the prospective portion of the Reform Act. A person with both a serious conviction and a nonserious conviction would receive a life sentence under the prospective portion of the Reform Act because he or she would receive a life term for the serious offense.

Because the statutory language necessarily excludes defendant from the class of those eligible for retrospective relief, his claim cannot succeed. Under section 1170.126, a person who received Three Strikes sentences for both a serious offense and a nonserious offense is not within the purview of the Reform Act's retrospective portion, may not file a petition under section 1170.126, and is ineligible for resentencing under its provisions.

10

## III. Disposition

The order is affirmed.

_____
Mihara, J.

I CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

11

**Grover, J. Dissenting.**

With Proposition 36, also known as the Three Strikes Reform Act of 2012, voters amended Penal Code sections 667 and 1170.12 so that a Three Strikes life prison term applies only where the third strike offense is a serious or violent felony or the prosecution pleads and proves an enumerated triggering factor. (Pen. Code, §§ 667, subd. (e)(2)(A), (C), 1172.12, subd. (c)(2)(C).) Proposition 36 also created a procedure for resentencing inmates previously sentenced to an indeterminate term under the Three Strikes law "whose sentence under this act would not have been an indeterminate life sentence." (Pen. Code, § 1170.126, subd. (a).) Penal Code section 1170.126 does not expressly address whether a person serving two consecutive life sentences imposed under the Three Strikes law—one for a qualifying nonserious, nonviolent felony and the other for a disqualifying offense—is eligible to be resentenced on the qualifying felony. This issue is now pending before our Supreme Court in *In re Machado* (2014) 226 Cal.App.4th 1044, review granted July 30, 2014, S219819 (*Machado*), with oral argument presently set for May 27, 2015.

I fully embrace the reasoning of the appellate court in *Machado*, necessitating my dissent here. The plain language of Penal Code section 1170.126 is consistent with the conclusion that an inmate who meets the criteria in Penal Code section 1170.126, subdivisions (e)(2) and (e)(3) is eligible for resentencing on a third strike term that was imposed for a nonserious and nonviolent commitment offense, notwithstanding ineligibility on a disqualifying offense. Voters' silence or ambiguity on the issue presented here demands application of the rule of lenity resulting in an interpretation favorable to defendant.

Such a construction is also consistent with arguments presented to the voters in support of Proposition 36: That the measure would save money and prison space while continuing to mandate indeterminate prison terms for dangerous offenders. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012), p. 52.) In keeping with the aims of

conserving resources while ensuring public safety, resentencing defendant here would not be a meaningless exercise. If defendant is resentenced, he will be parole-eligible at roughly age 69 instead of 91. If, however, the trial court determines in its discretion "that resentencing [defendant] would pose an unreasonable risk of danger to public safety" (Pen. Code, § 1170.126, subd. (f)), defendant's resentencing petition will be denied.

On the issue of the right to counsel, I agree with the majority's rejection of defendant's claim, but I do so for different reasons. In my view, defendant is not entitled to counsel under the Sixth Amendment because a Penal Code section 1170.126, subdivision (e) *eligibility* determination is not a critical stage of a criminal prosecution. (*Iowa v. Tovar* (2004) 541 U.S. 77, 80–81; *People v. Ebert* (1988) 199 Cal.App.3d 40, 44.) Although due process may require the appointment of counsel in post-judgment proceedings (see *In re Clark* (1993) 5 Cal.4th 750, 780, *People v. Shipman* (1965) 62 Cal.2d 226, 232–233), defendant has not demonstrated that fundamental fairness requires the appointment of counsel at this threshold stage; because he seeks counsel to argue a legal issue resolved by this appeal, his due process claim is moot.

I would reverse the judgment and direct the trial court to consider defendant's eligibility for resentencing under Penal Code section 1170.126 with respect to his grand theft conviction.

_____

Grover, J.

2

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| Trial Judge: | Honorable Linda R. Clark |
| Attorney for Defendant and Appellant: | William Robinson<br>Under Appointment by the Sixth District<br>Appellate Program |
| Attorneys for Plaintiff and Respondent: | Kamala D. Harris<br>Attorney General of California<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>Eric D. Share<br>Supervising Deputy Attorney General<br><br>Huy T. Luong<br>Deputy Attorney General |