Filed 6/9/16  P. v. Roche CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KIM L. ROCHE,<br><br>    Defendant and Appellant. | G052690<br><br>(Super. Ct. No. 99NF0269)<br><br>ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed on May 31, 2016, be modified in the following particulars:

On page 4, second full paragraph is deleted and replaced with the following:

"Here, Roche was statutorily ineligible for resentencing and thus the trial court could not proceed to the resentencing stage.  Because the court never proceeded beyond the eligibility finding, there was no potential for substantial prejudice to Roche's rights, which counsel could have helped to avoid.  Accordingly, we conclude Roche did not have the right to assistance of counsel at the eligibility stage."

This modification does not effect a change in judgment.


                                        O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>KIM L. ROCHE,<br><br>    Defendant and Appellant. | G052690<br><br>(Super. Ct. No. 99NF0269)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Kim L. Roche on appeal.  Counsel filed a brief that set forth the facts of the case.  Counsel did not argue against his client but advised the court he found no issues to argue on his behalf.  We gave Roche 30 days to file written argument on his own behalf.  That time has passed, and Roche has not filed any written argument.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues.  Under these circumstances, the court must conduct an independent review of the entire record.  When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)  Roche did not raise any issues himself.

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal.  Counsel identified the following three issues:  did the trial court err by finding Roche ineligible for resentencing (Pen. Code, § 1170.126, all further statutory references are to the Pen. Code); was Roche entitled to the appointment of counsel to assist him in filing a petition for resentencing; and was Roche entitled to be present in court for a hearing on his petition for resentencing.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and considered the information counsel provided.   We found no arguable issues on appeal.  The judgment is affirmed.

FACTS

In November 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act) (§ 1170.126).  The Act created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed

2

pursuant to the "Three Strikes" law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)

In July 2015, Roche filed a petition for resentencing under the Act, in *propria persona*. The resentencing petition was styled as a petition for writ of habeas corpus relief. Roche asserted he was eligible for resentencing under the Act because his two strikes (from 1994 and 1997) and his current conviction (from 1999) were all for second degree robbery. Roche argued second degree robbery was not a serious felony at the time of the commission of the offenses but was only defined as a serious felony after the enactment of a voter initiative in 2000.

In August 2015, the trial court, in chambers and without the appearance of any party or reporter, concluded Roche failed to show he was eligible for resentencing under the Act. The court concluded the following: "[Roche] stands convicted of second degree robbery which is an offense classified as a serious felony. ( . . . § 1192.7[, subd.] (c)(19).) Such statutory classification was in place both on the date the offense was committed in 1999 as well as on the date Proposition 36 became effective." Roche filed a timely notice of appeal.

DISCUSSION

Pursuant to *Anders*, counsel suggested three issues. We will discuss each below.

*Eligibility for Resentencing*

In *People v. Johnson* (2015) 61 Cal.4th 674, 684, our Supreme Court held that for purposes of recall of a sentence under section 1170.126, the classification of the offense as a serious or violent felony is determined based on the law as of November 7,

3

2012, the effective date of Proposition 36.  Because Roche's second degree robbery convictions were classified as serious felonies on November 7, 2012, Roche is ineligible for recall of his sentences.

*Right to Counsel*

Sentencing is a critical stage in the criminal process within the meaning of the Sixth Amendment.  (*People v. Doolin* (2009) 45 Cal.4th 390, 453.)  Whether a hearing is a critical stage in the criminal process requiring the assistance of counsel depends upon whether there is a potential for substantial prejudice to the defendant's rights and counsel could help to avoid that prejudice.  (*People v. Ebert* (1988) 199 Cal.App.3d 40, 44.)  In *People v. Rouse* (2016) 245 Cal.App.4th 292, 300, the court held that when a defendant currently serving a felony sentence presents a petition pursuant to section 1170.18, subdivision (a), and is found eligible for resentencing, that defendant is entitled to the assistance of counsel at resentencing.  The court clarified its holding was limited to the right to counsel at the resentencing stage after an eligibility finding.

Here, Rouse was statutorily ineligible for resentencing and thus the trial court could not proceed to the resentencing stage.  Because the court never proceeded beyond the eligibility finding, there was no potential for substantial prejudice to Roche's rights, which counsel could have helped to avoid.  Accordingly, we conclude Rouse did not have the right to assistance of counsel at the eligibility stage.

*Right to be Present in Court*

Section 1170.18 does not require an evidentiary hearing to determine eligibility that is unequivocally established in the record.  The trial court may determine eligibility based on the record.  (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 805.)  Roche did not have a right to be present during the court's determination of eligibility.

4

DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.


5