Filed 9/30/15  P. v. Hughes CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041082 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 201279) |
| v. | |
| MICHAEL LYNN HUGHES, | |
| Defendant and Appellant. | |

Defendant Michael Lynn Hughes is currently serving a "Three Strikes" sentence. In February 2014, he filed a petition for resentencing under Penal Code section 1170.126.[1]  The trial court denied the petition after finding he was ineligible for resentencing, because one of his prior convictions is a disqualifying sexually violent offense as described by Welfare and Institutions Code section 6600, subdivision (b).  (§ 1170.126, subd. (f).)

On appeal, defendant argues that he was erroneously denied counsel to represent him during the proceedings below.  He also insists the court erred in finding him ineligible to be resentenced, because his out-of-state prior conviction is not a sexually violent offense.  We reject his contentions and affirm the order denying his petition for resentencing.

---

[1] Unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 1998, defendant was charged by information with selling methamphetamine (Health & Saf. Code, § 11379, subd. (a)). It was further alleged that he had suffered two prior strike convictions. (§§ 667, subds. (b)-(i), 1170.12.)

Defendant was found guilty of selling methamphetamine by jury trial. Following a court trial, the court found the two prior convictions to be true and to be the equivalent of strikes under the Three Strikes law. Both of defendant's alleged prior strikes were for offenses committed in Illinois. It was alleged he had previously committed a robbery and a criminal sexual assault, as defined by the relevant Illinois statutes. On June 19, 1998, defendant was sentenced to 25 years to life in prison.

Defendant appealed. In part, he argued that the court erred in finding that his prior conviction for criminal sexual assault in Illinois constituted a prior strike under California law. He claimed that the Illinois statute for criminal sexual assault was broader than the California statutes criminalizing rape, because penetration was not a required element of the Illinois crime. We rejected his contentions and affirmed the judgment. (*People v. Hughes* (Dec. 13, 1999, H018768) [nonpub. opn.] (*Hughes I*).)

On February 20, 2014, defendant filed a petition for resentencing under section 1170.126. He again argued that the Illinois statute for criminal sexual assault was broader than its California counterparts. A month later, the trial court found him ineligible for resentencing, concluding that his prior Illinois strike for criminal sexual assault constituted either a rape, attempted rape, or assault to commit rape, which are disqualifying sexually violent offenses as listed in Welfare and Institutions Code section 6600, subdivision (b). The court also denied defendant's petition to the extent it could be construed as a petition for writ of habeas corpus. Defendant appealed.

DISCUSSION

First, defendant claims he was erroneously deprived of his right to counsel to represent him on the issue of whether he was eligible for resentencing. Second, he argues that the court erred in finding him ineligible for resentencing, because his Illinois conviction for criminal sexual assault was not a sexually violent offense as defined under Welfare and Institutions Code section 6600, subdivision (b). For the reasons set forth below, we reject both claims.

1. *Right to Counsel*

Defendant argues he has a right to counsel under two theories. First, he argues that a resentencing petition is akin to a criminal sentencing, so he has a Sixth Amendment right to counsel. Second, he claims that he has a due process right to counsel, because he made a prima facie case for relief in his petition. We address his Sixth Amendment claim first.

a. **Sixth Amendment Right to Counsel**

The Supreme Court has held that the right to counsel under the Sixth Amendment applies to all critical stages of a criminal prosecution. (*Iowa v. Tovar* (2004) 541 U.S. 77, 80-81; *People v. Ebert* (1988) 199 Cal.App.3d 40, 44.) " 'The determination whether the hearing is a "critical stage" requiring the provision of counsel depends . . . upon an analysis "whether potential substantial prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that prejudice." ' " (*People v. Ebert*, *supra*, at p. 44.) "[T]he essence of a 'critical stage' is . . . the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." (*U.S. v. Leonti* (9th Cir. 2003) 326 F.3d 1111, 1117.)

Since sentencing hearings are considered a critical stage of a criminal prosecution, a defendant has a constitutional right to counsel during sentencing (*People v. Bauer*

(2012) 212 Cal.App.4th 150, 155) and is entitled to effective assistance of counsel (*Gardner v. Florida* (1977) 430 U.S. 349, 358).

However, a section 1170.126, subdivision (e) eligibility determination is not a critical part of the criminal prosecution, nor is it a sentencing hearing. A section 1170.126 petition is a postjudgment vehicle by which certain legally sentenced inmates may benefit from the later enacted Three Strikes Reform Act (the Reform Act). Accordingly, a petition for recall of sentence under the Reform Act arises after the conclusion of a criminal prosecution, including imposition of sentence, and is outside the scope of the Sixth Amendment. (See *U.S. v. Whitebird* (5th Cir. 1995) 55 F.3d 1007, 1011 [no Sixth Amendment right to counsel in connection with motion for modification of sentence under 18 U.S.C. § 3582(c)(2) because "the constitutional right to counsel extends only through the defendant's first appeal"]; *United States v. Nevarez-Diaz* (N.D.Ind. 1986) 648 F.Supp. 1226, 1230 [motion for sentence reduction under Federal Rule of Criminal Procedure 35 "is a post-trial proceeding and, logically, because it is not part of the criminal prosecution, it is outside the scope of the sixth amendment"].)

Because we are concerned only with the initial section 1170.126, subdivision (e) eligibility determination, and not any subsequent resentencing, defendant's reliance on sentencing cases is unpersuasive.

### b. **Due Process**

Due process requires the appointment of counsel in certain proceedings where the Sixth Amendment does not. For example, due process "prohibit[s] discrimination against convicted indigent inmates; consequently, an indigent inmate has a constitutional right to counsel appointed at the state's expense where . . . the state confers a criminal appeal as of right." (*In re Barnett* (2003) 31 Cal.4th 466, 472, citing *Douglas v. California* (1963) 372 U.S. 353, 356-357.) An imprisoned defendant is also "entitled by due process to reasonable access to the courts, and to the assistance of counsel if counsel is necessary to

4

ensure that access." (*In re Clark* (1993) 5 Cal.4th 750, 779 (*Clark*).) Accordingly, our Supreme Court has held that "if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns." (*Id.* at p. 780 [petition for writ of habeas corpus]; *People v. Shipman* (1965) 62 Cal.2d 226, 232-233 [petition for writ of error coram nobis].)

Defendant argues that his case is analogous to *Clark* and *Shipman*, because he stated a prima facie case for relief in his petition. Defendant also opines that his determination of eligibility is not so straightforward, because his prior disqualifying convictions were for offenses committed in Illinois. We disagree.

In order to determine the existence of any disqualifying factors, the trial court is allowed to examine the entire record of conviction. "[T]he record of the conviction is not limited to the *trial* court record but extends to the *appellate* court record, including the appellate opinion." (*People v. Woodell* (1998) 17 Cal.4th 448, 451.) Therefore, the trial court was entitled to consider our opinion in defendant's prior appeal (*Hughes I*), where we concluded that his Illinois conviction for criminal sexual assault constituted a serious felony under California law, amounting to "rape, attempted rape, or assault with intent to commit rape." (*Hughes I*, *supra*, at p. 15 [nonpub. opn.].)

Although here the trial court was incorrect in its conclusion that a crime of attempted rape is a disqualifying conviction (*People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1208-1209), it was correct in finding both rape and assault with intent to commit rape are disqualifying convictions. (§§ 1170.126, subd. (e)(3), 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv); Welf. & Inst. Code, § 6600, subd. (b).)

Based on the foregoing, we conclude that defendant failed to state a prima facie case for relief, distinguishing his case from both *Clark* and *Shipman*. As we explain in the second part of this opinion, defendant was clearly ineligible to be resentenced because

5

*Hughes I*'s determination that his prior conviction is the equivalent of rape or assault with intent to commit rape is law of the case. Accordingly, due process did not require appointment of counsel during the eligibility portion of the resentencing petition.

Additionally, we do not find that defendant properly characterizes the Third Appellate District's decision in *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*). Defendant argues that *Bradford* holds that a third strike prisoner has a "right to be heard when the court makes its determination that he or she is ineligible for resentencing under an exception listed in the Three Strikes Reform Act." In fact, *Bradford* concluded that neither due process nor section 1170.126 required a trial court to hold a formal hearing on a defendant's eligibility for resentencing. (*Bradford*, *supra*, at pp. 1337, 1341.) *Bradford* cautioned trial courts from making "a precipitous decision without input from the parties" (*id.* at p. 1340) and held that "if the petitioner has not addressed the issue and the matter of eligibility concerns facts that were not actually adjudicated at the time of the petitioner's original conviction . . . , the trial court should invite further briefing by the parties before finding the petitioner ineligible for resentencing" (*id.* at p. 1341).

Under *Bradford*, a defendant has the right to provide input in the form of briefing if he or she has not raised the issue in the petition for resentencing. (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1340-1341; *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7-8.) However, *Bradford* makes no mention of a *right to counsel*. Additionally, defendant submitted a lengthy petition for resentencing to the trial court where he argued his Illinois conviction was not the equivalent of rape, attempted rape, or assault with intent to commit rape in California, because the elements of the Illinois offense were broader than the corresponding California crimes. This is the very same argument he advances on appeal. Defendant cannot feasibly claim that he did not have an opportunity to provide input on this eligibility issue. *Bradford* is inapplicable here.

6

2. *Eligibility to be Resentenced*

Next, defendant argues the court erred when it concluded he was ineligible for resentencing, because his out-of-state conviction for criminal sexual assault did not amount to either rape or attempted rape. However, this court's prior determination in *Hughes I* that defendant's Illinois conviction was the California equivalent of rape, assault with intent to commit rape, or attempted rape, is law of the case. Therefore, the trial court properly determined that defendant was ineligible for resentencing under the Reform Act.

a. ***Hughes I* is Law of the Case**

"Under the law of the case doctrine, when an appellate court ' "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal . . . ." ' " (*People v. Barragan* (2004) 32 Cal.4th 236, 246.) The law of the case doctrine applies even if the reviewing court, " ' "in its subsequent consideration . . . may be clearly of the opinion that the former decision is erroneous in that particular." ' " (*People v. Stanley* (1995) 10 Cal.4th 764, 786.)

In *Hughes I*, defendant argued, like he does in this appeal, that his prior Illinois conviction for criminal sexual assault could not constitute a strike under California law. He claimed that the Illinois offense did not require penetration, unlike California law. We rejected this claim, concluding the trial court committed no error in finding the Illinois conviction to be a strike. We determined that "the felonious acts alleged in the Illinois information also constitute serious felonies under California law," and "[t]he fact that Illinois law labels those acts as criminal sexual assault, while California law may label them as rape, attempted rape, or assault with intent to commit rape, is of no import." (*Hughes I*, *supra*, at p. 15 [nonpub. opn.].)

7

Defendant acknowledges our prior opinion. However, he claims that his current appellate claim is still cognizable, because it concerns a different legal matter. He insists that an argument that his prior Illinois conviction constituted a strike is a separate issue from whether his prior Illinois conviction is a disqualifying conviction under section 1170.126, subdivision (e)(3).

We are unconvinced. In *Hughes I*, we concluded that the trial court did not err in finding defendant's Illinois conviction for criminal sexual assault to be a strike. In so doing, we held that defendant's crime was the equivalent of rape, attempted rape, or assault with intent to commit rape in California. Defendant's current claim is that his Illinois conviction is *not* the equivalent of rape or assault with intent to commit rape in California. These arguments are packaged differently, but the legal principles underlying both claims are the same. Therefore, our conclusion in *Hughes I* that defendant's Illinois conviction qualified as either rape, attempted rape, or assault with intent to commit rape is law of the case.

Defendant argues that we should not follow *Hughes I,* because its "application will result in an unjust decision, e.g., where there has been a 'manifest misapplication of existing principles resulting in substantial injustice' [citation], or the controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations." (*People v. Stanley*, *supra*, 10 Cal.4th at p. 787.)

We disagree. " 'The unjust decision exception [to the doctrine of law of the case] does not apply when there is mere disagreement with the prior appellate determination.' " (*People v. Gray* (2005) 37 Cal.4th 168, 197.) That is precisely the argument that defendant advances here.

Defendant maintains that our prior opinion is "wrong," but he does not argue or explain how we misapplied existing legal principles in our prior opinion. Instead, the crux of his argument is that the elements of his Illinois crime of criminal sexual assault

8

are not equivalent to the elements of rape, attempted rape, or assault with intent to commit rape in California. He argues that the Illinois definition of sexual penetration, which was defined to include "contact" between sex organs, was broader than the California definition of sexual penetration. Further, he claims there is insufficient evidence of penetration. We considered these identical claims in *Hughes I* and resolved these issues against him.[2] (*Hughes*, *supra*, at p. 15 [nonpub. opn.].) Defendant merely disagrees with *Hughes I*'s determination that the acts, as alleged in the information, constituted serious felonies such as rape, assault with intent to commit rape, and attempted rape under California law. This is not a valid reason for us not to follow our decision in *Hughes I*.

Defendant also maintains that law of the case should not be applied, because there have been intervening decisions between his appeals that have clarified and changed existing law. Specifically, he cites to two cases, *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and the more recent case of *Descamps v. United States* (2013) __ U.S. __ [133 S.Ct. 2276] [2013 U.S. LEXIS 4698] (*Descamps*). He insists that under *Descamps*, the trial court violated his right to a jury trial and his due process rights when it found him to be ineligible, because it must have found new facts from the record of conviction that were not necessarily adjudicated when he was convicted of his prior Illinois offense.

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

---

[2] Following our decision in *Hughes I*, defendant petitioned for review in the California Supreme Court, arguing that his crime of criminal sexual assault could not constitute a serious felony as defined under California law. Review was denied on March 29, 2000. In 2001, defendant filed a federal petition for writ of habeas corpus reiterating much of the same arguments, which was denied on February 26, 2004. The district court's decision was affirmed by the Ninth Circuit in 2005. That same year, defendant filed a petition for writ of certiorari with the United States Supreme Court, which was also denied.

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi*, *supra*, 530 U.S. at p. 490.)

In *Descamps*, our Supreme Court considered whether *Apprendi* applied to sentencing enhancements under the Armed Career Criminal Act (ACCA) (18 U.S.C., § 924(e)). (*Descamps*, *supra*, __ U.S. __ [133 S.Ct. 2276].) The defendant in *Descamps* faced a minimum sentence of 15 years, because he had a prior conviction for burglary in California. However, the California burglary statute was broader than the definition of burglary set forth under the ACCA, which requires an additional element that the defendant had "unlawful or unprivileged entry." (*Taylor v. United States* (1990) 495 U.S. 575, 599.) In order to determine whether the additional element of an unlawful or unprivileged entry was satisfied, the district court looked to the facts set forth in the transcript of his plea colloquy. Finding the element satisfied based on the prosecutor's statements, the court increased the defendant's sentence. (*Descamps*, *supra*, __ U.S. at p. __ [133 S.Ct. at p. 2282].)

The United States Supreme Court held that the district court's factfinding violated the Sixth Amendment under *Apprendi*. The court asserted that factfinding by a sentencing court would "raise serious Sixth Amendment concerns if it went beyond merely identifying a prior conviction." (*Descamps*, *supra*, __ U.S. at p. __ [133 S.Ct. at p. 2288].)

However, *Apprendi*, and by extension, *Descamps*, are not applicable in the context of a petition for resentencing under section 1170.126. Several appellate courts, including this one, have held that there is no pleading and proof requirement with respect to factors relied on by a trial court when determining eligibility for resentencing. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279 (*Kaulick*); *People v. Blakely* (2014) 225 Cal.App.4th 1042; *People v. Chubbuck* (2014) 231 Cal.App.4th 737.)

10

In *Kaulick*, our colleagues at the Second Appellate District concluded that a trial court's finding that an inmate would pose an unreasonable risk of dangerousness if resentenced need not be established by proof beyond a reasonable doubt to a jury. (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1303.)

*Kaulick* relied on *Dillon v. United States* (2010) 560 U.S. 817. In *Dillon*, the court considered whether a two-step sentence modification procedure implicated the Sixth Amendment. (*Id.* at pp. 826-829.) If eligible for a sentence modification, a reduction in the defendant's sentence could be ordered. (*Id.* at pp. 826-827.) *Dillon* concluded that "a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1304.) *Kaulick* found *Dillon*'s rationale to be equally applicable to the Reform Act, since "[t]he retrospective part of the [Reform] Act is not constitutionally required, but an act of lenity on the part of the electorate." (*Ibid.*) The resentencing scheme is not plenary, instead it provides for a proceeding where the original indeterminate life term can be modified downward.

Defendant argues that a reliance on *Dillon* is misplaced, because the resentencing scheme "creates a *new* statutory presumption for a second strike sentence," meaning that the court must impose the second-strike sentence unless a defendant is found ineligible to be resentenced, or if the court finds that the defendant would pose an unreasonable risk of danger to public safety. We disagree with his interpretation of section 1170.126 and do not believe that it creates a statutory presumption in favor of resentencing.

In *People v. Gutierrez* (2014) 58 Cal.4th 1354, our Supreme Court interpreted the language of section 190.5, subdivision (b), the statute governing juvenile life without parole (LWOP). The language of section 190.5, subdivision (b) is similar to the language in section 1170.126, subdivision (f). Section 190.5, subdivision (b) provides that a penalty for special circumstance murder committed by a 16- or 17-year-old offender

11

"*shall* be confinement in the state prison for life without the possibility of parole or, at the discretion of the court, 25 years to life." (Italics added.) Section 1170.126, subdivision (f) provides that if a petitioner satisfies the eligibility criteria for resentencing, the petitioner "*shall* be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Italics added.)

In *Gutierrez*, our Supreme Court concluded that section 190.5's use of "shall" did not create a statutory presumption in favor of LWOP sentences. The *Gutierrez* court stated: "[I]t is . . . reasonable to read the text to mean that a court may select one of the two penalties in the exercise of its discretion, with no presumption in favor of one or the other. The latter reading accords with common usage. For example, if a teacher informed her students that 'you must take a final exam or, at your discretion, write a term paper,' it would be reasonable for the students to believe they were equally free to pursue either option. The text of section 190.5[, subdivision] (b) does not clearly indicate whether the statute was intended to make life without parole the presumptive sentence." (*People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1371.)

Given our Supreme Court's interpretation of section 190.5, we do not believe the language of section 1170.126 creates a presumption in favor of resentencing. It is true that a court faced with an eligible petition for resentencing is required to resentence the petitioner unless it finds doing so would pose an unreasonable risk of danger to public safety. However, this in no way means that its discretion is limited in that it can only find dangerousness in circumscribed circumstances. Rather, a trial court is vested with the discretion to *either* resentence a petitioner *or* conclude a petitioner poses an unreasonable risk of danger based on the totality of the circumstances presented in each case.

And, although *Kaulick* dealt with a trial court's factual findings with respect to its determination of a defendant's current dangerousness, its rationale is equally applicable

12

to a trial court's initial determination of eligibility.  Other appellate courts have concluded that *Apprendi* is not applicable to a trial court's eligibility determination.  (*People v. Manning* (2014) 226 Cal.App.4th 1133, 1141, fn. 3.)  In fact, other courts have also held that a trial court is entitled to consider the record of conviction when determining whether at least one of the defendant's offenses was a disqualifying conviction.  (*Id.* at pp. 1142-1144; *People v. White* (2014) 223 Cal.App.4th 512, 525-526.)

In arguing that *Descamps* and *Apprendi* are applicable here, defendant also cites to a decision from this court, *People v. Wilson* (2013) 219 Cal.App.4th 500.  In *Wilson*, the defendant challenged the sentencing court's determination that his prior conviction for gross vehicular manslaughter was a serious felony.  The trial court could not find that defendant personally inflicted great bodily injury, a requirement for finding his offense to be a strike, unless it resolved a contested factual dispute in the record of conviction.  After discussing *Descamps* and *Apprendi*, we concluded that "[w]e need not consider here whether the broader application of *Apprendi* and *Descamps* to California's sentence enhancement scheme would leave intact the kind of findings--e.g., those not concerning facts of a defendant's prior conduct--heretofore endorsed under California law.  We hold only that federal law prohibits what [*People v.*] *McGee* [(2006) 38 Cal.4th 682][3] already proscribed:  A court may not impose a sentence above the statutory maximum based on

---

[3] *McGee* held that a sentencing court, when making its determination as to whether a prior conviction qualifies as a strike, is limited to examining the record of the prior conviction to determine the nature of the basis of the prior offense.  (*People v. McGee*, *supra*, 38 Cal.4th at p. 685.)  *McGee* stated:  "The need for such an inquiry does not contemplate that the court will make an independent determination regarding a disputed issue of fact relating to the defendant's prior conduct [citation], but instead that the court simply will examine the record of the prior proceeding to determine whether that record is sufficient to demonstrate that the *conviction* is of the type that subjects the defendant to increased punishment under California law."  (*Id.* at p. 706.)

disputed facts about prior conduct not admitted by the defendant or implied by the elements of the offense." (*Id*. at p. 516.)

More recently, our colleagues at the First Appellate District addressed the issue left unresolved in *Wilson* in *People v. Saez* (2015) 237 Cal.App.4th 1177 (*Saez*). In *Saez*, the defendant was convicted in Wisconsin of false imprisonment while armed. The court concluded that this prior conviction qualified as a strike, because he had personally used a firearm in the commission of the crime. (*Id*. at p. 1193.) The trial court discerned that the defendant had personally used a firearm by looking to the affidavit of probable cause, which was part of the record of conviction. (*Id*. at p. 1196.) *Saez* concluded that the trial court's reliance on the affidavit of probable cause comported with California precedent as set forth in *People v. McGee*, *supra*, 38 Cal.4th 682. (*Saez*, *supra*, at pp. 1198-1199.) However, the appellate court held that relying on the affidavit of probable cause violated the Sixth Amendment under the principles outlined in *Descamps*. (*Id*. at pp. 1199-1209.)

The issues contemplated in *Wilson* and *Saez* are not before us here. As we explained above, *Apprendi*, and by extension, *Descamps*, are inapplicable in the context of a petition for resentencing. A determination that a prior conviction qualifies as a strike increases punishment. However, a determination that a petitioner is eligible for resentencing does not.

Accordingly, defendant has not shown any contrary, intervening decision bars application of the law of the case doctrine. Nor has he shown that the court's findings of fact not necessarily adjudicated at the time of his prior conviction violated his right to due process or right to a jury trial.

b. **Defendant was not Eligible**

When determining whether defendant was eligible for resentencing, the trial court was entitled to consider his entire record of conviction. This would include our prior appellate opinion concluding that his Illinois conviction was the equivalent of rape or

14

assault with intent to commit rape in California. (*People v. Woodell*, *supra*, 17 Cal.4th at p. 451.)

As we have previously discussed, the eligibility determination under section 1170.126 does not implicate a defendant's Sixth Amendment rights. Therefore, "a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.)

Based on defendant's record of conviction, including this court's prior opinion in *Hughes I*, there was ample support for the trial court's finding that defendant was ineligible for resentencing because he had a prior disqualifying conviction for a sexually violent offense as described by Welfare and Institutions Code section 6600, subdivision (b).

3. *Defendant's Current Sentence*

Below, the trial court construed the part of his resentencing petition challenging his prior conviction's characterization as a strike as a petition for writ of habeas corpus and denied it. In his opening brief, defendant briefly argues that there was insufficient evidence for him to receive an indeterminate term, so his current sentence amounts to a fundamental miscarriage of justice. (*Clark*, *supra*, 5 Cal.4th at p. 797.)

However, no appeal lies from a trial court's denial of a petition for writ of habeas corpus. Additionally, claims regarding his current sentence are not properly before us. Defendant has appealed from a denial of his petition for resentencing. Should he wish to seek review of his original conviction based on sufficiency of the evidence, the proper vehicle is a separate petition for writ of habeas corpus filed with this court. (*Clark*, *supra*, 5 Cal.4th at p. 767, fn. 7.)

**DISPOSITION**

The order is affirmed.

15

_____
                                    Walsh, J.<sup>*</sup>


    WE CONCUR:




_____
        Rushing, P. J.




_____
        Elia, J.




People v. Hughes
H041082
_____

    <sup>*</sup> Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.